```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,          MEMORANDUM & ORDER
                                        15-CV-3764(JS)
        -against-

DEXTER BUNBURY,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Michael T. Sucher, Esq.
                    26 Court Street, Suite 2412
                    Brooklyn, NY 11242

For Defendant:      No appearance
```

SEYBERT, District Judge:

Pending before the Court is Plaintiff's motion for entry of a default judgment against defendant Dexter Bunbury ("Defendant"). (Docket Entry 10.) For the following reasons, Plaintiff's motion is GRANTED.

BACKGROUND

On June 29, 2015, Plaintiff commenced this action against Defendant seeking unpaid student loan payments. (See Compl., Docket Entry 1.) The Summons and Complaint was served on July 14, 2015. (Aff. of Service, Docket Entry 6.) Defendant did not respond to the Complaint and the Clerk of the Court noted Defendant's default on August 5, 2015. (Clerk's Cert. of Default, Docket Entry 8.)

The Complaint annexes a Certificate of Indebtedness dated June 16, 2015 in which the United States Department of Education ("Department of Education") certifies that on or about June 3, 1999, Defendant executed a promissory note to secure a Department of Education Direct Consolidation loan (the "Loan"). (Compl. at 3.)[1] The Department of Education made the Loan under the William D. Ford Federal Direct Loan Program pursuant to Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a, et seq. (Compl. at 3.) The Loan was disbursed on January 16, 2001 for $11,690.00 at 7.125% interest per annum. (Compl. at 3.)

The Certificate of Indebtedness states that the Department of Education demanded payment and Defendant defaulted on the Loan on July 11, 2005. (Compl. at 3.) As of May 28, 2015, Defendant owed $13,161.88 in principal and $9,790.99 in interest for a total of $22,952.87. (Compl. at 3.) Interest accrues on the principal of the Loan at the rate of $2.57 per day. (Compl. at 3.)

On August 20, 2015, Plaintiff filed a motion for default judgment, which is unopposed. (Pl.'s Mot., Docket Entry 10.) In support of its motion, Plaintiff annexes the loan application and promissory note executed by Defendant on June 3, 1999. (Pl.'s

---

[1] For ease of reference, the Court will refer to the Electronic Case Filing pagination of the Complaint.

Mot., Ex. 3, Docket Entry 10-3.)  Plaintiff seeks the entry of a default judgment in the total sum of $23,631.18, which represents the following:  (1) Loan principal balance ($13,161.88); (2) total interest accrued through August 19, 2015 ($10,004.30); and (3) costs and disbursements ($400.00 filing fee and $65.00 expenses for service of the Summons and Complaint).  (Pl.'s Affm., Docket Entry 10-1, ¶¶ 8-11.)  Plaintiff is also seeking per diem interest of $2.57 from August 19, 2015 through the date the default judgment is entered.  (Pl.'s Affm. ¶ 12.)  Plaintiff's proposed judgment states that "[p]ost-judgment interest shall be calculated, pursuant to 28 U.S.C. § 1961."  (Pl.'s Mot., Ex. 2, Docket Entry 10-2.)  However, Plaintiff is not requesting attorney's fees in connection with its motion.  (Pl.'s Affm. ¶ 9.)

DISCUSSION

I. Liability

Federal Rule of Civil Procedure 55 sets forth a two-step process to obtain a default judgment: (1) first, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"; and (2) second, "after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on plaintiff's motion, enter a default judgment."  FED. R. CIV. P. 55(a), (b)(2), and (c);

3

U.S. v. Kemp, No. 15-CV-2419, 2015 WL 6620624, at *2 (E.D.N.Y. Oct. 30, 2015) (citing FED. R. CIV. P. 55(b)(2)). A defendant's default constitutes an admission of liability; thus, all well-pleaded allegations in the Complaint pertaining to liability are deemed true in connection with a motion for default. Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007). Nevertheless, in determining a motion for default judgment, the Court is responsible for ensuring that the pleadings provide an appropriate basis for liability. Kemp, 2015 WL 662064, at *2.

The determination of whether to grant a default judgment is in the district court's sound discretion. Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999). The court may consider factors that include "'whether plaintiff has been substantially prejudiced by the delay involved[] and whether the grounds for default are clearly established or are in doubt.'" O'Callahan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed. 1998)) (alteration in original). The Court's analysis on a motion for default is guided by the same factors that apply to a motion to set aside entry of a default, namely: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-

defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted).

Defendant's failure to respond to the Complaint sufficiently demonstrates willfulness. See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (Holding that defendants' failure to appear in the action and respond to the Complaint and motion for default "indicate willful conduct."). Additionally, the Court finds that the Complaint's allegations regarding Defendant's failure to make payments in connection with the Loan, which have been deemed admitted in light of Defendant's default, establish Defendant's liability. See Joe Hand Promotions, 2007 WL 2891016, at *2. See also Kemp, 2015 WL 6620624, at *2 (Holding that plaintiff's allegations in the complaint and the certificates of indebtedness established defendant's liability in connection with a motion for default judgment regarding claims for unpaid student loan payments.) Finally, the denial of this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, L.L.C., No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). Accordingly, Plaintiff's motion for a default judgment is GRANTED.

5

II. <u>Damages</u>

While a party's default constitutes an admission of all well-pleaded allegations regarding liability, "it is not considered an admission of damages." On a motion for default, Plaintiff bears the burden of establishing damages "with a 'reasonable certainty.'" <u>Kemp</u>, 2015 WL 6620624, at *2 (quoting <u>Credit Lyonnais Secs. (USA), Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999)). In determining the appropriate amount of damages, it is within the Court's discretion to conduct an evidentiary hearing or rely on documentary proof. <u>U.S. v. Davis</u>, No. 05-CV-4447, 2007 WL 2287889, at *2 (E.D.N.Y. Aug. 8, 2007).

Here, Plaintiff seeks $13,161.88 in principal on the Loan and $10,004.30 in accrued interest, plus additional <u>per diem</u> interest in the amount of $2.57 from August 19, 2015 through the date of judgment. (Pl.'s Affm. ¶¶ 8-11.) In support of this request, Plaintiff references the Certificate of Indebtedness prepared by the Department of Education, which is annexed to the Complaint and reflects that as of May 28, 2015, Defendant owed $13,161.88 in principal and $9,790.99 in interest with interest accruing at the rate of $2.57 per day. (Compl. at 3.)

The Court finds that the Certificate of Indebtedness proffered by Plaintiff establishes damages as of May 28, 2015 with a reasonable certainty. The Court's calculation confirms that the additional interest that accrued between May 28, 2015 and

6

August 19, 2015 at the rate of $2.57 per day results in total accrued interest of $10,004.30 as of August 19, 2015. Accordingly, Plaintiff is entitled to the amount requested ($13,161.88 in principal and $10,004.30 in interest), plus per diem interest of $2.57 for each day after August 19, 2015 through the date of the judgment and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

In addition to damages, Plaintiff seeks an award of costs. The Higher Education Act of 1965 provides that "a borrower who has defaulted on a loan made under this subchapter . . . shall be required to pay . . . reasonable collection costs." 20 U.S.C. § 1091a(b)(1). See also U.S. v. Hinds, No. 11-CV-0169, 2011 WL 3555837, at *4 (E.D.N.Y. June 27, 2011), report and recommendation adopted, 2011 WL 3555762 (E.D.N.Y. Aug. 11, 2011). Specifically, Plaintiff seeks to recover (1) the Court's $400.00 filing fee and (2) $65.00 in out-of-pocket expenses for the service of the Summons and Complaint. (Pl.'s Affm. ¶ 10.)

While 28 U.S.C. § 2412 provides that an amount equal to the filing fee may be awarded in a civil action commenced by the United States, the United States is not required to pay a filing fee when initiating an action in federal court. See Hinds, 2011 WL 3555837, at *4 (collecting cases). The docket does not reflect the payment of a filing fee and Plaintiff has not provided any documentation of the payment of such a fee. As Plaintiff has not

specified any reason why the Court should award $400 for a fee that Plaintiff did not pay, the Court DENIES Plaintiff's request for an award of $400 in filing fees. See U.S. v. Benain, No. 11-CV-2307, 2011 WL 5838488, at *1 (E.D.N.Y. Nov. 18, 2011) (Denying plaintiff's request for an award of $350 in filing fees where plaintiff failed to provide documentation that a filing fee was paid and did not articulate a reason why the court should render such an award.); U.S. v. Freeman, No. 09-CV-4036, 2010 WL 3522812, at *2 n.2 (E.D.N.Y. July 26, 2010).

Plaintiff has, however, provided documentation in support of the requested $65.00 in out-of-pocket expenses for service of the Summons and Complaint. (Pl.'s Mot., Ex. 4.) Accordingly, the Court GRANTS Plaintiff's request for an award of $65.00 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment (Docket Entry 10) is GRANTED IN PART and DENIED IN PART. The Clerk of the Court is directed to enter a judgment in Plaintiff's favor in the amount of $13,161.88 in unpaid principal, $10,004.30 in accrued interest, an additional $2.57 in

interest for each day after August 19, 2015 until judgment is entered, $65.00 in costs, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.  Upon entry of the judgment, the Clerk of the Court is further directed to mark this matter CLOSED.

                              SO ORDERED.

                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:     December  15 , 2015
           Central Islip, New York